IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS HANKS, | : | |
|     Plaintiff | : | |
|     v. | : | CIVIL ACTION |
| COUNTY OF DELAWARE, | : | NO.: 05-CV-06400 |
| POLICE OFFICER SABILLON, | : | |
| POLICE OFFICER GERMAN, | : | |
| CAPTAIN JOHN DOE, | : | |
| CITY OF CHESTER, | : | JURY TRIAL DEMANDED |
|     Defendants | : | |

**PRETRIAL MEMORANDUM OF THE CITY OF CHESTER**

**I.   FACTS**

On December 12, 2003, Plaintiff was operating his motor vehicle in the City of Chester and was pulled over at the direction of Officer Robert Graves who observed Plaintiff's vehicle with counterfeit inspection stickers. During the motor vehicle stop it was learned by the Chester Police Officers that a bench warrant existed for the Plaintiff. Plaintiff was taken into custody on the bench warrant. He was held at Chester Police Station for a short period of time before being transferred to the County Prison. Plaintiff was also issued a citation for a violation of the Motor Vehicle Code resulting from the counterfeit inspection stickers.

Officer Robert Graves will testify that he has expertise in identifying counterfeit inspection stickers and that the stickers on Plaintiff's vehicle were, in fact, counterfeit. Officer Graves will testify that when counterfeit inspection stickers are removed from vehicles they are kept to be used in court and for his training purposes as he is a Field Training Officer for the City of Chester. Officer Graves will testify further that there is no custom or practice of destroying said counterfeit inspection stickers, however, on occasion the stickers will crumble when scraped off the windshield and, thereafter, they are not legible and are essentially useless as evidence.

Only on those occasions are the counterfeit inspection stickers not maintained as evidence to be used in court.

## II.     LEGAL ISSUES

Defendants Officer Sabillon and the City of Chester moved for Summary Judgment in this matter.  Officer Sabillon was granted qualified immunity and Plaintiff's Malicious Prosecution claim as to the City of Chester was dismissed.  The question to be determined by this jury is whether or not probable cause existed for the motor vehicle stop of Plaintiff.  If the jury determines that the motor vehicle stop was without probable cause then the jury must deliberate and determine whether the City of Chester has an unconstitutional policy to destroy evidence in the form of counterfeit inspection stickers which are removed from vehicles following stops.

## III.    WITNESSES

Police Chief Floyd C. Lewis, III

Chief Lewis will testify with respect to the policies, customs and practices of the Officers of the City of Chester with respect to motor vehicle stops and retention of counterfeit inspection stickers.  Chief Lewis will also testify with respect to training issues to the extent relevant.

Police Officer Robert Graves

Officer Graves will testify to all material facts surrounding the motor vehicle stop of Plaintiff on December 12, 2003, the removal of the inspection stickers, the arrest of the Plaintiff based upon the bench warrant that was outstanding as well as his training and expertise in identifying counterfeit inspection stickers and the disposition of the stickers following removal.

Police Officer German Sabillon

Officer Sabillon will testify with respect to all material facts surrounding the motor vehicle stop of Plaintiff on December 12, 2003 as well as the arrest of Plaintiff on the outstanding bench warrant.

Defendant, City of Chester, reserves the right to call all witnesses identified by Plaintiff and by Codefendant, County of Delaware, to the extent said witnesses can offer relevant and admissible testimony on any triable issue.

## IV. **EXHIBITS**

D-Chester 1:   Traffic Citation B0337328-5

D-Chester 2:   Arrest Report 2004-01864

D-Chester 2:   Incident Investigation Report 2004-01864

D-Chester 3:   Bench Warrant for Douglas Hanks, Sr.

D-Chester 4:   Fax Confirmation for Bench Warrant

D-Chester 5:   Chester Police Department Disciplinary Code Sections 4.45; 4.35; 4.70; and 5.15

D-Chester 6:   Chester Police Department Directive No. 26

D-Chester 7:   Chester Police Department Directive No. 49

D-Chester 8:   File of the District Attorney pertaining to the arrest of Plaintiff in 1981

D-Chester 9:   File of the Office of Judicial Support

D-Chester 10:  Records of the Court of Common Pleas of Delaware County

D-Chester 11:  Plaintiff's Answers to Interrogatories

D-Chester 12:  Plaintiff's Response to Request for Production of Defendants

The City of Chester reserves the right to utilize depositions of all parties and witnesses pursuant to the Federal Rules of Civil Procedure and reserves the right to utilize exhibits identified by other parties to the extent relevant and admissible.

## V. **LENGTH OF TRIAL**

It is anticipated that this case will take three days to try to conclusion. Defendant, City of Chester, expects that its case will take one day.

## VI. **SPECIAL COMMENTS**

None at this time.

## VII. <u>LEGAL ISSUES</u>

Legal issues are framed in this Court's Opinion granting in part and denying in part, City of Chester's Motion for Summary Judgment.

          **RPD2724**

          _____
          **ROBERT P. DiDOMENICIS, ESQUIRE**
          **Attorney I.D. No. 30482**
          **Holsten & Associates**
          **One Olive Street**
          **Media, PA 19063**
          **(610) 627-2437**

## **CERTIFICATE OF SERVICE**

**I, Robert P. DiDomenicis Esquire**, counsel for Defendants, City of Chester and German Sabillon, Badge No. 264 (incorrectly identified as Defendant Sabillon, Badge No. 264 and as Defendant German, Badge No. unknown), hereby certify that a true and correct copy of the within Pretrial Memorandum was filed electronically and is available for viewing and downloading from the ECF system. I further certify that I served the foregoing document upon the following individual(s) via U.S. mail this 18th day of September, 2008.

Sharon Gilbert Timm, Esquire
Penn's Court, #111
350 South Main Street
Doylestown, PA 18901

Jason G. Bates, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063


**HOLSTEN & ASSOCIATES**


**RPD2724**
_____
**ROBERT P. DiDOMENICIS, ESQUIRE**